**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4983

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ABAYOMI O. AKINFE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T.S. Ellis III, Senior District Judge.  (1:06-cr-00081-TSE)

Submitted:  May 21, 2007                 Decided:  July 6, 2007

Before WILLIAMS, Chief Judge, and NIEMEYER and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert C. Whitestone, WHITESTONE, BRENT, YOUNG & MERRIL, P.C., Fairfax, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, John Eisinger, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Abayomi O. Akinfe of one count of defrauding a financial institution, in violation of 18 U.S.C. § 1344, and three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), in connection with the unknown and unauthorized use of three individuals' identities to open and use fraudulent bank accounts. The district court sentenced Akinfe to seventy months in prison. Akinfe timely appealed, and we affirm.

First, Akinfe argues that the district court should not have permitted statements at trial that he made during a police interrogation regarding his past unrelated purchases of social security numbers and other identity information. We review admission of evidence under Fed. R. Evid. 404(b) for abuse of discretion. See United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). Evidence of prior bad acts is admissible under Rules 404(b) and 403 if the evidence is: (1) relevant to an issue other than the general character of the defendant; (2) necessary; and (3) reliable. The probative value of the evidence also must not be substantially outweighed by its prejudicial effect. Queen, 132 F.3d at 997. We conclude that the district court properly admitted evidence regarding Akinfe's admission of his prior involvement with the purchase of identification information and properly instructed the jury as to the admissibility of the evidence.

Next, Akinfe argues that the evidence was insufficient to support his convictions for one count of defrauding a financial institution under 18 U.S.C. § 1344 and three counts of aggravated identity theft under 18 U.S.C. § 1028A. A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (internal quotation marks omitted). "The relevant question is not whether the appellate court is convinced of guilt beyond a reasonable doubt, but rather whether, viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt." Id. (internal quotations and citations omitted). We conclude that the evidence produced at trial, which in part included Akinfe's fingerprints on the accounts and his image on camera accessing funds at an ATM, was sufficient to demonstrate that Akinfe defrauded a bank and committed three counts of aggravated identity theft.

Finally, Akinfe argues that, when sentencing him, the district court should not have utilized its own calculation of intended loss that resulted from his criminal activities after the jury determined a lower amount of actual loss. Specifically,

Akinfe argues that <u>United States v. Booker</u>, 543 U.S. 220 (2005), dictates that he could only be sentenced according to an intended amount of loss that he either agreed to or was determined by a jury beyond a reasonable doubt.  However, because Akinfe was sentenced after <u>Booker</u>, we conclude that the district court was permitted to independently determine the amount of intended loss.  <u>See</u> <u>United States v. Davenport</u>, 445 F.3d 366, 370 (4th Cir. 2006)

Based on the foregoing, we affirm Akinfe's convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>